■ BAYSWATER DEVELOPMENT LLC et al., Appellants-Respondents, v ADMIRAL INSURANCE COMPANY et al., Respondents-Appellants. [5 NYS3d 407]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered October 22, 2013, which denied plaintiffs' motion for summary judgment declaring that the defendant insurers owe them a duty to defend and indemnify, granted the portions of defendants' motions for summary judgment that seek declarations that the pollution exclusions should be interpreted in accordance with Florida substantive law, denied the portion of defendants' cross motions that seek a declaration that plaintiffs Bayswater Brokerage Florida LLC and Bayswater Development Florida LLC are not named insureds or additional insureds under the policies, and granted the portion of defendant Admiral's cross motion that seeks dismissal of the other plaintiffs' causes of action on default and as moot, unanimously modified, on the law, to declare that the defendant insurers have no duty to defend or indemnify plaintiffs, pursuant to the policies' pollution exclusion, and that defendants' disclaimers were timely as to plaintiffs Bayswater Brokerage Florida LLC and Bayswater Development Florida LLC, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

In this action seeking a declaration that defendants Admiral and American Empire are obligated to defend and indemnify

plaintiffs in connection with claims arising out of damage purportedly caused by the use of "Chinese Drywall" at various residences located in Florida, New York's choice-of-law analysis applies (*see Lerner v Prince*, 119 AD3d 122, 127 [1st Dept 2014]). Under the insurance policies at issue, the insured risks are not national in scope, as the insured homes, alleged damages, resulting claims, and pending litigation are all Florida-based. On a balancing of the relevant factors, Florida has a more significant relationship to this matter than New York, and the motion court's conclusion that Florida is the state "with the most significant contacts with the matter in dispute," such that Florida law controls, was correct (*see Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 317 [1994]).

Courts in Florida have consistently held that pollution exclusions, such as those contained in the Admiral and American Empire policies, preclude coverage for damage caused by "Chinese Drywall" claims (*see e.g. Deni Assoc. of Florida, Inc. v State Farm Fire & Cas. Ins. Co.*, 711 So 2d 1135, 1136-1140 [Fla 1998]; *General Fid. Ins. Co. v Foster*, 808 F Supp 2d 1315, 1319-1321 [SD Fla 2011]).

Even if issues of fact exist as to whether Bayswater Brokerage Florida and Bayswater Development Florida should have been added as named insureds to the policies, the April 9, 2010 coverage letter provided by American Empire and the April 12, 2010 coverage letter provided by Admiral provided notice of the insurers' coverage positions (*see* Fla Stat § 627.426 [2] [a]; *Lazzara Oil Co. v Columbia Cas. Co.*, 683 F Supp 777, 783 [MD Fla 1988], *affd* 868 F2d 1274 [11th Cir 1989]). Concur—Gonzalez, P.J., Tom, Richter, Manzanet-Daniels and Kapnick, JJ.